Scileppi, J.
(concurring). When the Supreme Court of the United States decided Mapp v. Ohio (367 U. S. 643), there was room for doubt that the decision in People v. Defore (242 N. Y. 13, cert. den. 270 U. S. 657) retained any vigor as a rule of law in cases that had not been terminated either by final appellate review or by passage of time for such review. In People v. Loria (10 N Y 2d 368), we resolved that doubt, holding that the rule announced in Mapp v. Ohio (supra) was to be applied to cases still in the appellate process.* As subsequent events proved, we eventually would have been compelled to apply Mapp to pending appeals, if we had not done so voluntarily (see Linkletter v. Walker, 381 U. S. 618, 627). Unlike Mapp, Miranda v. Arizona (384 U. S. 436) and Johnson v. New Jersey (384 U. S. 719) leave no room for doubt about the vitality of our decision in People v. Gunner (15 N Y 2d 226) wherein we said, inter alia, that there was no duty on the part of the police to warn a defendant in custody of his right to counsel and right to remain silent (see People v. Gunner, supra, pp. 232-233). Any doubt about whether this part of the Gunner decision is still good law, at least in pending appeals arising out of cases tried before the decision in Miranda v. Arizona (supra), has, to my satisfaction at least, been resolved by Johnson v. New Jersey (supra).
I have heard no argument that convinces me that we should, as a matter of law, abandon Gunner and substitute therefor a *348 rule we have already rejected and are not compelled to follow, except in futuro.
In these days of increasing disregard of the law, we are under no duty to enlarge needlessly on the already great protections afforded convicted criminals whose plight is of their own unlawful making. Rather, the dictates of public policy, in my view, require us to extend innovations in the criminal law only as far as is absolutely necessary to protect constitutional rights. It seems to me that holdings like Miranda (supra) deserve no further application than is demanded. In Johnson v. New Jersey (supra), the Supreme Court set the standard, and we should meet, but in no way exceed, that standard (see, e.g., People v. Gunner, supra, p. 234; People v. Sanchez, 15 N Y 2d 387, 390; People v. Failla, 14 N Y 2d 178, 183). I confess to occasional difficulty in conforming my own views with those of the Supreme Court, in this area of the law; and now that I have found a decision of that tribunal to which I can easily accommodate, I am unwilling to take a contrary position (Johnson v. New Jersey, supra).
Accordingly, we should adopt the same views advanced in Johnson (supra) and apply Miranda (supra) only to those cases in which the trial commenced on or after the date of that decision. Therefore, I concur in Judge Van Voorhis’ opinion to affirm.

 In Loria, several members of this court bad expressed a desire to apply Mapp prospectively only (see People v. Loria, supra, pp. 370-371).